# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Leonard Dwayne Hill,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 14-276 ADM/SER
Civil No. 17-2282 ADM

---

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Leonard Dwayne Hill, pro se.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Leonard Dwayne Hill's ("Hill") 28 U.S.C. § 2255 Motion [Criminal Docket No. 131] ("§ 2255 Motion"), and Application to Proceed In Forma Pauperis [Docket No. 132] ("IFP Application").[1] For the reasons set forth below, Hill's § 2255 Motion is granted in part and denied in part, and his IFP Application is denied as moot.

## II. BACKGROUND

On August 6, 2015, a jury returned a verdict finding Hill guilty of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 921(17)(A), 922(g)(1) and 924(e)(1). Jury Verdict [Docket No. 88]. The Presentence Investigation Report ("PSR") determined that Hill's conviction under 18 U.S.C. § 922(g) qualified him as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2), and he was therefore subject to a

---

[1] All docket citations are to the Criminal Docket.

mandatory minimum sentence of 180 months imprisonment. PSR ¶¶ 22, 87. The ACCA designation was premised upon three prior convictions for Second Degree Burglary, two prior convictions for Domestic Assault, and one prior conviction for Theft from Person. PSR ¶ 22.[2] The PSR concluded that Hill's sentencing guideline range was 262 months to 327 months imprisonment. Id. ¶ 88.

On September 10, 2015, the Court held a sentencing hearing and adopted the PSR sentencing determinations without change. Min. Entry [Docket No. 102]; Statement Reasons [Docket No. 104] at 1. As a result, Hill was adjudicated to be an armed career criminal under the ACCA. The Court imposed a 192-month sentence, a downward variance from the Guidelines range of 262 months to 327 months imprisonment. Sentencing J. [Docket No. 103] at 2; Statement Reasons at 1, 3.

Hill appealed his conviction, arguing that 1) the Government constructively amended the Indictment; 2) the Government failed to establish that the ammunition was in or affecting interstate commerce; and 3) the de minimis connection to interstate commerce was insufficient to satisfy the Commerce Clause. United States v. Hill, 835 F.3d 796, 797–98 (8th Cir. 2016). On August 29, 2016, the Eighth Circuit affirmed Hill's conviction. Id. at 800. The Mandate [Docket No. 127] was issued on October 6, 2016, and Hill's writ of certiorari to the Supreme Court was denied on January 17, 2017. See Hill v. United States, 137 S. Ct. 820 (2017).

---

[2] The Government notes that Hill also has a prior conviction for Third-Degree Riot / Crime Committed for Benefit of a Gang. PSR ¶ 45. This prior conviction was not identified in the PSR as a predicate conviction for ACCA purposes. Since the Government agrees that this conviction does not qualify as a predicate violent felony for ACCA purposes, its exclusion from the PSR's list of qualifying prior felonies is immaterial.

On June 26, 2017, Hill filed the § 2255 Motion and the IFP Application. In the § 2255 Motion, Hill argues that 1) the Court lacked territorial jurisdiction over the offense of conviction, and that the ammunition was not manufactured outside of Minnesota; 2) his prior felony convictions no longer qualify as violent felony convictions under the ACCA; 3) he received ineffective assistance of counsel when his attorney failed to file a motion to dismiss the Indictment; and 4) the de minimis nexus of his offense to interstate commerce is unconstitutional.

On August 18, 2017, the Government filed a Response [Docket No. 137], arguing that Hill's first claim fails because the offense conduct occurred in St. Paul, Minnesota, and the ammunition's propellant powder was manufactured outside of Minnesota. The Government further argues that Hill's ineffective assistance of counsel claim fails because the validity of the Indictment was upheld at trial and on appeal. Therefore, trial counsel's failure to file a motion to dismiss the Indictment was not ineffective because any such motion would have been futile. Finally, the Government argues that Hill's interstate commerce arguments are not cognizable under § 2255 because they were fully litigated at trial and on appeal.

With regard to Hill's sentencing argument, the Government concedes that Hill must be resentenced. Eighth Circuit decisions subsequent to Hill's sentencing and appeal establish that Hill no longer has three qualifying prior felony convictions that qualify him as an armed career criminal.

# III.  DISCUSSION

## A.  Section 2255

28 U.S.C. § 2255 provides a prisoner in federal custody a limited opportunity to collaterally attack the constitutionality or legality of his sentence, as well as to argue that "the court was without jurisdiction to impose such a sentence."  Relief under § 2255 is reserved for correcting "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure."  United States v. Timmreck, 441 U.S. 780, 783 (1979).

## B.  Jurisdiction

Hill argues that the Court lacked "territorial" and "legislative" jurisdiction over the offense conduct.  Hill does not articulate specifically how jurisdiction was lacking over a crime that was committed in St. Paul, Minnesota.  The cases cited by Hill are inapposite, involving circumstances wholly unrelated to this case.  See, e.g., United States v. Prentiss, 206 F.3d 960, 964–974 (10th Cir. 2000) (holding that Indictment was deficient for failing to allege the Indian or non-Indian status of the defendant and victim, which were essential elements of the crime charged).  This claim does not entitle Hill to relief.

## C.  Ineffective Assistance of Counsel

Hill argues that his trial counsel was ineffective because counsel did not move to dismiss the Indictment for failure to state an offense.  According to Hill, since the Indictment charged that he illegally possessed rounds of Federal brand ammunition that were manufactured in Minnesota, he could not have possessed ammunition that affected interstate commerce, as the Indictment charged.

4

In Strickland v. Washington, the Supreme Court set forth the standard for claims of ineffective assistance of counsel. 466 U.S. 668 (1984). To properly demonstrate a claim, a defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. The defendant must also demonstrate that a reasonable probability exists that but for the attorney's errors, the result of the proceeding would have been different. Id. at 694. "[W]hen reviewing an ineffective-assistance-of-counsel claim, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Woods v. Donald, 135 S. Ct. 1372, 1375 (2015) (quotations omitted).

Hill's ineffective assistance of counsel claim fails because he cannot demonstrate that but for his counsel's errors, the result of his proceeding would have been different. Hill's attorney unsuccessfully challenged the sufficiency of the Indictment both before and after the jury returned its Verdict. See Trial Tr. Vol II [Docket No. 118] at 221:25–227:17 (arguing that the Indictment was deficient); Second Mot. Acquittal [Docket No. 90] at 5 (arguing that the Government's evidence created a fatal constructive amendment of the Indictment); Hill, 835 F.3d at 799. Any further motion by Hill's trial attorney attacking the sufficiency of the Indictment would have been unsuccessful. Therefore, this claim also does not entitle Hill to any relief because the outcome of the proceeding would not have been different.

**D. Interstate Commerce**

Hill again argues that the Government failed to prove the interstate commerce requirement of § 922(g). Hill contends that the ammunition's nexus to interstate commerce is de minimis because only one component of the live rounds of ammunition Hill possessed was

manufactured outside of Minnesota. The Government responds that the Eighth Circuit has held that ammunition assembled from components which had traveled in interstate commerce satisfies the interstate commerce requirement of § 922(g) purposes even though the ammunition itself had been assembled intrastate. The Government also argues that because this claim was litigated on appeal it is not cognizable under § 2255.

Section 2255 generally may not "be used to relitigate matters decided on direct appeal." Sun Bear v. United States, 664 F.3d 700, 702 (8th Cir. 2011) (citing Davis v. United States, 417 U.S. 333, 346–47 (1974)). "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam).

The Eighth Circuit has previously addressed and rejected Hill's argument that the ammunition charged in the Indictment did not travel in interstate commerce. See Hill, 835 F.3d at 800 (holding that Hill's argument that "the de minimis connection to interstate commerce is insufficient to satisfy the Commerce Clause" "is foreclosed by binding precedent"). Because this issued was squarely raised and decided on direct appeal, it cannot be relitigated in this § 2255 Motion.

**E. Prior Felony Convictions**

Hill and the Government agree that Hill no longer has sufficient qualifying felony convictions to support his designation as an armed career criminal under the ACCA. Hill is thus entitled to resentencing at a date to be determined.[3]

---

[3] Hill challenges the Government's contention that his non-ACCA designation, offense level, and criminal history result in a sentencing guideline range of 110 to 137 months imprisonment. Hill's arguments, and the Government's position on his new guideline range, are premature. The Court will order a revised Presentence Investigation Report and will provide Hill and the Government an opportunity to object to the Report's conclusions.

## F. IFP Application

The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). No fee is required, however, to file a § 2255 petition. See, e.g., United States v. Schultz, No. 13-214, 2015 WL 5853117, at *3 (D. Minn. Oct. 7, 2015). Thus, Hill's IFP Application is denied as moot.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this 2255 Motion differently, or that any of the issues raised in Hill's petition would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Leonard Dwayne Hill's 28 U.S.C. § 2255 Motion [Docket No. 131] is **GRANTED in part and DENIED in part**;

2. Hill's Application to Proceed In Forma Pauperis [Docket No. 132] is **DENIED** as moot; and

3. A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


  s/Ann D. Montgomery  
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 20, 2017.