# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

  v.                                   **ORDER**
                                      Criminal No. 14-276 ADM/SER

Leonard Dwayne Hill,

      Defendant.

___

Leonard Dwayne Hill, pro se.

___

This matter is before the undersigned United States District Judge for consideration of Defendant Leonard Dwayne Hill's Pro Se Motion Under Rule 60(B) and (A) [Docket No. 199].

Hill was found guilty of being a felon in possession of ammunition by jury verdict on August 6, 2015. Verdict [Docket No. 88]. His conviction was upheld by the Eighth Circuit on August 29, 2016, and the United States Supreme Court denied a writ of certiorari on January 17, 2017. United States v. Hill, 835 F.3d 796 (8th Cir. 2016), cert. denied, 137 S. Ct. 820 (2017).

On October 20, 2017, the court granted in part and denied in part Hill's 28 U.S.C. § 2255 Motion. At the time of Hill's conviction and initial sentencing, the Government argued Hill was an "armed career criminal" because he had seven qualifying predicate felony convictions under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("the ACCA"). After several Eighth Circuit Court of Appeals decisions since Hill's initial sentencing, the Government agreed Hill has two qualifying ACCA predicate convictions, which does not warrant an enhanced sentence as an armed career criminal. The Court addressed and rejected Hill's arguments questioning the court's jurisdiction, complaints about ineffective assistance of counsel, and Hill's arguments

challenging evidence of interstate commerce.

On January 25, 2018, the Court reduced Hill's sentence of 192 months to 108 months. Hill's second appeal to the Eighth Circuit was summarily denied and the United States Supreme Court once again denied Hill's writ of certiorari. [Docket Nos. 187 and 198].

The present Motion, under Rule 60 of the Federal Rules of Civil Procedure, represents yet another attempt by Hill to set aside his conviction. A court may grant relief under Rule 60(b) for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). It is, however, "well-established that inmates may not bypass the authorization requirement of . . . § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005). When a petitioner requests Rule 60(b) relief, the motion must be assessed to determine whether it is more properly characterized as a § 2255 petition. See, e.g., United States v. Borrero, Nos. 03-281, 08-1160, 2010 U.S. Dist. LEXIS 107046, at *1 (D. Minn. Oct. 5, 2010). A Rule 60(b) motion may be considered a second or successive § 2255 petition if it "attacks the federal court's previous resolution of a claim on the merits." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).

The Motion attacks the Court's previous resolution of issues, again challenging jurisdiction and evidence of interstate commerce. None of Hill's arguments are substantively new. Since Hill has not received permission from the Eighth Circuit Court of Appeals to file a successive § 2255 petition, the Motion is procedurally barred.

After a review of all the files and records herein, IT IS HEREBY ORDERED that the Motion [Docket No. 199] is **DENIED**.

BY THE COURT:

　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 19, 2019.