UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Leonard Dwayne Hill,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 14-276 ADM/SER
Civil No. 19-2990 ADM

_____

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Leonard Dwayne Hill, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Leonard Dwayne Hill's ("Hill") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") [Docket No. 206].[1] For the reasons set forth below, Hill's § 2255 Motion is denied.

## II. BACKGROUND[2]

On August 6, 2015, a jury returned a verdict finding Hill guilty of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 921(17)(A), 922(g)(1) and 924(e)(1). Jury Verdict [Docket No. 88]. Hill was sentenced to a prison term of 192 months. Sentencing J.

---

[1] All docket citations are to the Criminal Docket.

[2] The detailed background of Hill's criminal case is set forth in previous orders by this Court and the Eighth Circuit, which are incorporated by reference. See United States v. Hill, 835 F.3d 796 (8th Cir. 2016); United States v. Hill, No. 14-276, 2017 WL 4773110, at *1 (D. Minn. Oct. 20, 2017).

[Docket No. 103] at 2.

Hill appealed his conviction, arguing: 1) the Government constructively amended the Indictment; 2) the Government failed to establish that the ammunition was in or affecting interstate commerce; and 3) the de minimis connection to interstate commerce was insufficient to satisfy the Commerce Clause. Hill, 835 F.3d at 797–98. On August 29, 2016, the Eighth Circuit affirmed Hill's conviction. Id. at 800. The Supreme Court denied Hill's writ of certiorari on January 17, 2017. See Hill v. United States, 137 S. Ct. 820 (2017).

In June 2017, Hill moved under 28 U.S.C. § 2255 to vacate or correct his sentence. See Mot. Vacate [Docket No. 131]. First, Hill challenged the validity of his conviction under 18 U.S.C. § 922(g)(1), arguing the Government failed to prove the ammunition had crossed state lines. Id. at 6. This argument was rejected because the issue had already been raised and decided by the Eighth Circuit on direct appeal. See Hill, 2017 WL 4773110, at *3. Second, Hill argued he no longer had three qualifying predicate convictions to support his designation as an armed career criminal after the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Id. This Court agreed with his predicate conviction sentencing argument and ruled that Hill should be resentenced. Id. The § 2255 motion was thus denied in part and granted in part. Hill appealed the partial denial of the interstate commerce portion of his § 2255 motion, and the Eighth Circuit declined to issue a Certificate of Appealability. See Notice Appeal [Docket No. 152]; USCA J. [Docket No. 187]. The Supreme Court denied Hill's writ of certiorari. See Letter Denying Writ Cert. [Docket No. 198].

In January 2018, the Court resentenced Hill to 108 months in prison. Resentencing J. [Docket No. 167] at 2. Hill appealed the reasonableness of his new sentence, and the Eighth

Circuit affirmed the new sentence in April 2019. See Notice Appeal [Docket No. 170]; United States v. Hill, 769 F. App'x 393 (8th Cir. 2019).

In June 2019, Hill sought permission from the Eighth Circuit to file a successive § 2255 motion. The Eighth Circuit ruled that authorization is not necessary because a new resentencing judgment was entered. See USCA J. [Docket No. 204]; Mandate [Docket No. 205]. Hill then filed this § 2255 Motion challenging the validity of his conviction under 18 U.S.C. § 922(g)(1).

### III. DISCUSSION

Persons in federal custody are provided a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence under 28 U.S.C. § 2255. See United States v. Addonizio, 442 U.S. 178, 185 (1979). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and if uncorrected, would result in a complete miscarriage of justice." Walking Eagle v. United States, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Section 2255 generally may not "be used to relitigate matters decided on direct appeal." Sun Bear v. United States, 644 F.3d 700, 702 (8th Cir. 2011) (citing Davis v. United States, 417 U.S. 333, 346–47 (1974)). "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam).

Hill raises two arguments in this § 2255 Motion. First, he contends the ammunition in his possession did not have a minimal nexus to interstate commerce because it was manufactured and assembled in Minnesota, the same state where he was arrested. This argument was

3

addressed and rejected by the Eighth Circuit on direct appeal. The Eighth Circuit reviewed the expert testimony of Steve Rodgers ("Rodgers"), a 15-year employee of the company that manufactures the brand of cartridges that were seized from Hill. Rodgers testified that the propellent powder in the cartridges had been manufactured outside of Minnesota and purchased from a supplier in Florida. The Eighth Circuit concluded that "the government established the ammunition seized from Hill was in or affecting interstate commerce." Hill, 835 F.3d at 800. Because this issue was raised and decided on direct appeal, it cannot be relitigated in this § 2255 Motion.

Hill also argues his case is distinguishable from the Eighth Circuit's binding precedent in United States v. Mosby, 60 F.3d 454 (8th Cir. 1995). In Mosby, the Eighth Circuit held that ammunition assembled from components that had traveled in interstate commerce was "in . . . commerce" for the purposes of 18 U.S.C. § 922(g)(1), even though the ammunition was assembled intrastate. Id. at 457. Hill argues the facts in Mosby differ from those here, because in Mosby no physical evidence or expert testimony was adduced to show that the ammunition was assembled in Minnesota. Assuming for the sake of argument that Hill's description of the evidentiary record in Mosby is accurate, the factual differences between this case and Mosby do not alter the outcome here. The Eighth Circuit has specifically held in Hill's case that although the cartridges were assembled in Minnesota, the propellant powder was manufactured outside of Minnesota, and thus the ammunition seized from Hill was in commerce for the purposes of 18 U.S.C. § 922(g)(1). Hill, 835 F.3d at 800.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a

4

substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Tiedeman v. Benson</u>, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this § 2255 Motion differently, or that any of the issues raised in Hill's § 2255 Motion would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

### V. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Leonard Dwayne Hill's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Docket No.206] is **DENIED**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 16, 2020.