UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

           Plaintiff,

v.

Leonard Dwayne Hill,

           Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 14-276 ADM

_____

Leonard Dwayne Hill, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Leonard Dwayne Hill's ("Hill") Motion [Docket Nos. 222, 223] for a sentence reduction under the First Step Act. For the reasons set forth below, Hill's Motion is denied.

## II. BACKGROUND

On August 6, 2015, a jury returned a verdict finding Hill guilty of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 921(17)(A), 922(g)(1) and 924(e)(1). Jury Verdict [Docket No. 88]. Hill was sentenced to a prison term of 108 months. Resentencing J. [Docket No. 167] at 2. The Eighth Circuit Court of Appeals affirmed his sentence. See COA Opinion [Docket No. 196]; COA J. [Docket No. 197].

Hill is incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP–Pollock"). His projected release date is July 23, 2022. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed June 30, 2020).

Hill now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Hill, age 32, argues that he suffers from nose infections and will need nose surgery. Mot. at 2. He

also argues that while in prison, he has "worked to become a better electrician," has "changed [his] views on life, and is now ready to return home and make a positive impact on his community." Id. at 1–2.

## III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii).  "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of th[e] policy statement." U.S.S.G. § 1B1.13 comment n.3.  The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring

a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Hill's request for a sentence reduction is denied for at least three independent reasons. First, Hill has not established that he fully exhausted his administrative rights with the BOP. To the contrary, Hill states that he has not filed an Administrative Remedy Appeal ("BP-10"). Mot. at 2.

Second, even if Hill had satisfied the exhaustion requirement, he has not shown extraordinary and compelling reasons warranting a sentence reduction. When considering compassionate release motions in the context of the COVID-19 pandemic, courts have required an inmate to show both a "particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." United States v. Miland, No. 16–0159 (WMW), 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting United States v. Feiling, No. 3:19cr112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)); accord United States v. Ramirez, No. 17-10328, 2020 WL 2404858, at *3 (D. Mass. May 12, 2020); United States v. Shamilov, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020). Neither Hill's nose condition or his age of 32 make him particularly susceptible to the COVID-19 virus. Hill is not at a particularized risk of contracting the virus at USP–Pollock, where no prisoners and only two staff members have tested positive for the disease. See Federal Bureau of Prisons COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last accessed June 30, 2020).

Hill's rehabilitation efforts, while commendable, also do not constitute extraordinary and compelling reasons for reducing his sentence.

Third, the sentencing factors in § 3553(a) weigh against reducing Hill's sentence.

These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). When sentencing Hill, the Court determined that a 108-month term of imprisonment was necessary to carry out these sentencing goals. Stmt. Reasons [Docket No. 168] at 4. Reducing Hill's sentence by two years would undermine these sentencing considerations.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Leonard Dwayne Hill's Motion [Docket Nos. 222, 223] for a sentence reduction under the First Step Act is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  June 30, 2020